UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH J. PETILLO,<br><br>      Plaintiff,<br><br>vs.<br><br>GALLAGHER, et al.,<br><br>      Defendants. | 1:18-cv-00217-GSA-PC<br><br>ORDER STRIKING PLAINTIFF'S REQUEST AS IMPROPERLY FILED IN THIS CASE<br>(ECF No. 9.)<br><br>ORDER INFORMING PLAINTIFF HE HAS LEAVE TO AMEND THE COMPLAINT ONCE AS A MATTER OF COURSE<br><br>THIRTY DAY DEADLINE TO EITHER:<br><br>   (1) FILE FIRST AMENDED COMPLAINT<br><br>     OR<br><br>   (2) NOTIFY THE COURT THAT HE WISHES TO PROCEED WITH THE ORIGINAL COMPLAINT<br><br>ORDER FOR CLERK TO SEND COMPLAINT FORM TO PLAINTIFF |

**I.    BACKGROUND**

      Isaiah J. Patillo ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On February 12, 2018, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) The Complaint awaits the Court's requisite screening under 28 U.S.C. § 1915A. No other parties have appeared in this case.

      Plaintiff is also proceeding with another pending civil rights case, case number 1:16-cv-00488-AWI-MJS-PC; Petillo v. J.L. Peterson (Petillo I), which was filed with this court on April 7, 2016. (Court Record.) On January 2, 2018, Plaintiff filed a request in Petillo I for the court to accept twenty-two pages of attached documents. (Petillo I, ECF No. 42.) On March

26, 2018, Plaintiff notified the court in <u>Petillo I</u> that he meant to file his January 2, 2018, request in the present case, 1:18-cv-00217-GSA-PC; <u>Petillo v. X. Galliger (Petillo II)</u>. (<u>Petillo I</u>, ECF No. 47.) Thereafter, on Plaintiff's instructions, Plaintiff's request was filed in this case. (<u>Petillo II</u>, ECF No. 9.)

Plaintiff's request for the court to accept documents is now before the court.

## II. PLAINTIFF'S REQUEST

Plaintiff has represented to the court that on January 2, 2018, he filed a request in <u>Petillo I</u>, but instead meant to file the request in <u>Petillo II</u>. Plaintiff's representation is a little mystifying. Moreover, it would have been difficult for Plaintiff to have filed his request in <u>Petillo II</u> on January 2, 2018, as <u>Petillo II</u> was not filed until February 28, 2018. Therefore, Plaintiff's January 2, 2018, request shall be stricken[1] from the record as improperly filed in this case.

## III. AMENDING THE COMPLAINT – RULE 15(a) AND LOCAL RULE 220

To the extent that Plaintiff wishes to amend the Complaint in this action by adding exhibits to the Complaint, Plaintiff must first file a new First Amended Complaint which is complete within itself. Under Local Rule 220,[2] Plaintiff may not amend the Complaint by adding information piecemeal after the Complaint has already been filed. To add information or exhibits, or to correct an error in the Complaint, Plaintiff must file a new First Amended Complaint which is complete within itself.

Plaintiff may file an amended complaint at this stage of the proceedings without leave of court. Under Rule 15(a) of the Federal Rule of Civil Procedure, a party may amend the

---

[1] A document which is "stricken" will not be considered by the Court for any purpose.

[2] Local Rule 220 provides, in part:

Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Here, because Plaintiff has not previously amended the Complaint and no responsive pleading has been served in this action, Plaintiff has leave to file an amended complaint as a matter of course. Plaintiff shall be granted thirty days in which to file a First Amended Complaint, making the needed changes.

Plaintiff must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 36 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff should note that although he has the opportunity to amend, it is not for the purpose of adding allegations of events occurring after March 27, 2017, the date the initial Complaint was filed. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff shall be required to either: (1) File a First Amended Complaint, or (2) Notify the court in writing that he does not wish to file an amended complaint and instead wishes to proceed with the original Complaint.

///

///

If Plaintiff chooses to amend the complaint, the First Amended Complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the court to accept documents, filed on January 2, 2018, is STRICKEN from the record as improperly filed in this case;

2. Plaintiff is granted thirty (30) days from the date of service of this order, in which to either:

   (1) File a First Amended Complaint as instructed by this order;
   
   or
   
   (2) Notify the court that he does not wish to file an amended complaint and instead wishes to proceed with the original Complaint;

3. If Plaintiff chooses to the amend the complaint, the First Amended Complaint should be clearly and boldly titled "First Amended Complaint," refer to case number 1:18-cv-00217-GSA-PC, and be an original signed under penalty of perjury;

4. The Clerk of Court shall send one § 1983 civil rights complaint form to Plaintiff; and

5. Plaintiff is warned that his failure to comply with this order may result in a recommendation that this case be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **April 3, 2018**              **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE