UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH J. PETILLO,<br><br>        Plaintiff,<br><br>    vs.<br><br>GALLIGER, et al.,<br><br>        Defendants. | 1:18-cv-00217-NONE-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS BE DENIED (ECF NO. 31.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.     BACKGROUND**

Isaiah J. Petillo ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On February 12, 2018, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)  On March 26, 2018, Plaintiff filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915, which was granted on March 27, 2018.  (ECF Nos. 6, 7.)

This case now proceeds with Plaintiff's First Amended Complaint filed on November 19, 2018, against defendant C/O J. Fugate for use of excessive force in violation of the Eighth Amendment; against defendants C/O J. Fugate and Captain J. Galliger for failing to protect Plaintiff in violation of the Eighth Amendment; and against defendant Captain J. Galliger for retaliation in violation of the First Amendment.  (ECF No. 18.)

On December 23, 2019, defendants Fugate and Galliger ("Defendants") filed a motion to revoke Plaintiff's *in forma pauperis* status under 28 U.S.C. § 1915(g). (ECF No. 31.) On January 8, 2020, Plaintiff filed an opposition to the motion. (ECF No. 33, 34.) On January 15, 2020, Defendants filed a reply to the opposition. (ECF No. 35.)

Defendants' motion to revoke Plaintiff's *in forma pauperis* status is now before the court. Local Rule 230(*l*).

## II.      MOTION TO REVOKE IN FORMA PAUPERIS STATUS

Section 1915 of Title 28 of the United States Code governs proceedings *in forma pauperis*. Section 1915(g) provides, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Section 1915(g) is commonly known as the "three strikes" provision. Andrews v. King ("Andrews I")*,* 398 F.3d 1113, 1116 n. 1 (9th Cir. 2005). "Strikes" are prior cases or appeals, brought while the Plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim. Id. Pursuant to Section 1915(g), a prisoner with three strikes or more generally cannot proceed *in forma pauperis*. Id.; see also Andrews v. Cervantes ("Andrews II")*,* 493 F.3d 1047, 1052 (9th Cir. 2007) (Under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP [*in forma pauperis*] status under the three strikes rule[.]").

"It is well-settled that, in determining a § 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted). Section "1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews I*,* 398 F.3d at 1121; see also Moore v. Maricopa

County Sheriff's Office, 657 F.3d 890, 895 (9th Cir. 2011) (whether dismissal order counts as a strike depends on "reasonable interpretation" of order); O'Neal v. Price, 531 F.3d 1146, 1153-55 (9th Cir. 2008) (disposition of complaint, either with or without prejudice, constitutes a "dismissal" for purposes of section 1915(g)); accord Lomax v. Ortiz-Marquez, 140 S.Ct. 1721 (June 8, 2020).

According to Andrews I, "a case is frivolous if it is 'of little weight or importance: having no basis in law or fact.' Webster's Third New International Dictionary 913 (1993);" see also Goland v. United States, 903 F.2d 1247, 1258 (9th Cir. 1990) (adopting a definition of "frivolous"), [and] "[a] case is malicious if it was filed with the 'intention or desire to harm another.' Webster's Third New International Dictionary 1367 (1993)." Andrews I, 398 F.3d at 1121. As for Section 1915(g)'s language regarding an action which "fails to state a claim on which relief may be granted," the Andrews I court noted that it had previously held that such phrase, as used elsewhere in § 1915, parallels the language of Federal Rule of Civil Procedure 12(b)(6). Id. (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154, 119 S.Ct. 1058, 143 L.Ed.2d 63 (1999)). The court thereby suggested that such language in Section 1915(g) should have the same meaning as it does under Rule 12(b)(6).

A "three-strikes litigant" under this provision is precluded from proceeding *in forma pauperis* in a new action unless he was "under imminent danger of serious physical injury" at the time he commenced the new action. See 28 U.S.C. § 1915(g); Andrews II, 493 F.3d at 1053. The danger must be real, proximate, Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003), and ongoing, e.g., prison officials continuing with a practice that has injured him or others similarly situated in the past – at the time the initial complaint is filed, see Andrews II, 493 F.3d at 1056-57. Allegations that are overly speculative or fanciful may be rejected. Id. at 1057 n.11. Courts need "not make an overly detailed inquiry into whether the allegations qualify for the exception . . . Instead, the exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Id. at 1055 (holding that the exception turns on the "conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time"); United States v. Jackson, 480 F.3d 1014, 1018-19 (9th Cir.

2007); Williams v. Paramo, 775 F.3d 1182, 1187, 1189 (9th Cir. 2015) ("We concluded in Andrews [II] that § 1915(g) required a showing of imminent danger 'at the time the prisoner filed the complaint' because of the section's use of the present tense and its concern with the initial act of 'bring[ing] the action.'").

When a defendant challenges a prisoner-plaintiff's right to proceed *in forma pauperis*, the defendant bears the burden of producing sufficient evidence to establish that § 1915(g) bars the plaintiff's *in forma pauperis* status. Andrews I, 398 F.3d at 1116, 1120. The defendant must produce court records or other documentation that will allow the district court to determine that three prior cases were dismissed as "frivolous, malicious or [for] failure to state a claim." Id. (quoting § 1915(g)). Once the defendant has made out a prima facie case, the burden shifts to the plaintiff to persuade the court that § 1915(g) does not apply. Id.

### A. **Defendants' Motion**

Defendants argue that Plaintiff's *in forma pauperis* status under 28 U.S.C. § 1915(g) should be revoked on the grounds that (1) Plaintiff has previously filed at least three actions or appeals that were dismissed for failure to state a claim, or as frivolous before he initiated this lawsuit; and (2) Plaintiff was not in imminent danger of serious physical injury when he filed suit. Defendants request the court to revoke Plaintiff's *in forma pauperis* status and dismiss this case, without prejudice to Plaintiff refiling the case with prepayment of the full filing fee.

#### 1. **Plaintiff Accumulated at Least Three Strikes Before Filing This Action**

In support of their motion, Defendants assert that Plaintiff filed the following four actions or appeals that were dismissed for failure to state a claim upon which relief may be granted or as frivolous.[1]

---

[1] Defendants request the court to take judicial notice under Federal Rules of Evidence 201 of their exhibits in support of their motion to revoke Plaintiff's *in forma pauperis* status. (ECF No. 32-1.) "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Bias v. Moynihan, 508 F.3d 1212, 1215 (9th Cir. 2007) (quoting Bennett v. Medtronic,

**(1)** <u>**Petillo v. Bolan et al.**</u>**, No. 2:16-cv-02513-CJC-JPR (C.D. Cal.)**

Plaintiff filed a lawsuit pursuant to 42 U.S.C. § 1983 against four police officers and a deputy district attorney, alleging that they violated his due process rights under the Fifth and Fourteenth Amendments by falsifying and tampering with evidence while investigating the murder of which Plaintiff was later convicted. (RJN Ex. A, at 5-6.)

The magistrate judge issued a report finding that the complaint "fail[ed] to state a claim upon which relief might be granted." (<u>Id.</u> at 6.) The magistrate found that Plaintiff's claims were barred by <u>Heck v. Humphrey</u>[2] because Plaintiff's claims implied that his conviction was invalid.[3] The magistrate judge recommended that the complaint be dismissed without leave to amend because its deficiencies could not be cured by amendment. (<u>Id.</u> at 10.)

The Court accepted the magistrate judge's findings and recommendations and dismissed the action without prejudice on January 5, 2017. (<u>Id.</u> at 14-15.) Accordingly, the lawsuit was dismissed for a qualifying reason under § 1915(g), constituting Plaintiff's first strike.

**(2)** <u>**Petillo v. Bolan et al.**</u>**, No. 17-55193 (9th Cir.)**

In <u>Petillo v. Bolan et al.</u>, No. 17-55193 (9th Cir.), Plaintiff appealed the dismissal of <u>Petillo v. Bolan et al.</u>, C.D. Cal. No. 2:16-cv-02513-CJC-JPR (C.D. Cal.). The Ninth Circuit referred the case back to the district court to determine whether Plaintiff's *in forma pauperis* status should continue on appeal, or if the

---

<u>Inc.</u>, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Facts that may be judicially noticed include a court's own records in other cases. <u>United States v. Wilson</u>, 631 F.2d 118, 119-20 (9th Cir. 1980). Defendants' exhibits consist of records evidencing Plaintiff's litigation history, which is relevant to whether he may proceed *in forma pauperis*. The documents appear to be the type of documents readily capable of judicial notice. Therefore, Defendants' request for judicial notice is granted.

[2] 512 U.S. 477 (1994).

[3] Defendants assert that Plaintiff's conviction was upheld on direct appeal, see <u>People v. Petillo</u>, No. B215246, 2009 WL 4756355, at *1 (Cal. Ct. App. Dec. 14, 2009), that the Court denied his petition for habeas corpus, and the Ninth Circuit affirmed the denial, see <u>Petillo v. Worldand</u>, No. CV 11-5005-CJC-JPR, 2012 WL 1425136, at *1 (C.D. Cal. Apr. 25, 2012); <u>People v. Petillo</u>, 570 F. App'x at 697 (9th Cir. 2014).

appeal was frivolous or taken in bad faith. (RJN Ex. B, at 21.) The district court certified that Plaintiff's appeal was frivolous. (RJN Ex. A, at 17.)

On April 17, 2017, upon review of the district court's record, the Ninth Circuit found that Plaintiff's appeal was frivolous and revoked his *in forma pauperis* status. (RJN Ex. B, at 23.) The Ninth Circuit ordered Plaintiff to either explain why the appeal should go forward or dismiss the appeal. (Id.) The appeal was later dismissed when Plaintiff failed to comply with the court's order. (Id. at 37.) Because this appeal was determined to be frivolous, it counts as Plaintiff's second strike.

**(3)     Petillo v. Kearnan et al., No. 3:16-cv-01950-MMA-JMA (S.D. Cal.).**

Plaintiff alleged that prison officials at five separate prisons violated his constitutional rights when they classified him with an "R" suffix.[4] (RJN Ex. C, at 46-47.) The district court dismissed Plaintiff's complaint for failure to state a claim and granted Plaintiff leave to amend. (Id. at 60.)

Plaintiff filed an amended complaint, which was also dismissed for failure to state a claim. (Id. at 70.) The district court provided Plaintiff an opportunity to file a second amended complaint curing the deficiencies described in the dismissal order. (Id. at 70-71.) Plaintiff filed a second amended complaint; however, he did not cure the deficiencies.

On April 27, 2017, the district court dismissed the second amended complaint for failure to state a claim and explicitly denied leave to amend, finding that "amendment under the circumstances would be futile." (Id. at 79.) Therefore, the lawsuit was dismissed for a qualifying reason under §1915(g), constituting Plaintiff's third strike.

///

---

[4] Pursuant to Cal. Code Regs., tit. 15 § 3377.1(b), "[a]n 'R' suffix shall be affixed to an inmate's custody designation to ensure the safety of inmates, correctional personnel, and the general public by identifying inmates who have a history of specific sex offenses as outlined in Penal Code (PC) section 290."

    **(4)**    <u>**Petillo v. Castro, et al.**</u>**, No. 3:16-cv-02457-WQH-BLM (S.D. Cal.).**

On September 28, 2016, Plaintiff filed a § 1983 lawsuit alleging that Calipatria State Prison officials violated his Eighth and Fourteenth Amendment rights during events that took place in 2011. (RJN Ex. D, at 98.)

The Court dismissed the complaint, finding that the "running of the statute of limitations [was] apparent on the face of Plaintiff's Complaint," and Plaintiff therefore failed to state a claim upon which § 1983 relief may be granted. (<u>Id.</u> at 95.) The Court granted Plaintiff leave to amend his complaint; however, the Court found that, "Plaintiff has failed to plead any facts which, if proved, would support any plausible claim for equitable tolling." (<u>Id.</u>)  Plaintiff filed an amended complaint.

On July 14, 2017, the Court dismissed the amended complaint, finding that Plaintiff's claims were barred by the statute of limitations, and the action was subject to dismissal for failure to state a claim. (<u>Id.</u> at 109.) The Court denied Plaintiff further leave to amend as futile. (<u>Id.</u> at 110.) Accordingly, this lawsuit was expressly dismissed for a qualifying reason under §1915(g), constituting Plaintiff's fourth strike.

    **2.**    <u>**Plaintiff is Not Excepted from the PLRA's Imminent Danger Provision**</u>

Defendants contend that Plaintiff does not qualify for the imminent danger exception because the First Amended Complaint does not allege any ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent physical injury.  Defendants assert that instead, Plaintiff claims that Defendants used excessive force against him and failed to protect him, in violation of the Eighth Amendment, and that defendant Galliger retaliated against him, in violation of the First Amendment.  Defendants assert that Plaintiff states in the First Amended Complaint that he sustained physical injuries and damage to his property in connection with the alleged use of force, and that he "continues to suffer irrepairably [*sic*] unless this court

find[s] relief in favor[] of Plaintiff." (First ACP, ECF No. 18 at 11.) Defendants argue that even assuming Plaintiff's allegations are true they do not show he was in *imminent danger* from conduct fairly traceable to the Defendants at the time he filed the lawsuit.

### B.  Plaintiff's Opposition

In opposition, Plaintiff requests the court to examine Defendants' exhibits, specifically the report and recommendations order issued on April 12, 2016 in Petillo v. Bolan et al., C.D. Cal. No. 2:16-cv-02513-CJC-JPR to determine whether the dismissal of this case is a strike against him. Plaintiff contends that the report and recommendations order, which was adopted by the presiding district judge, recommended dismissal of the case based on the Heck standard but did not find that the complaint failed to state a claim. Plaintiff argues that the order was informative, not dispositive, and he therefore claims he only has two "strikes."

In reply, Defendants note that Plaintiff admits that the second and third lawsuits[5] were dismissed for failure to state a claim. As for the dismissal of Petillo v. Bolan at the district court level, Defendants argue that it was obvious on the face of the Complaint that Plaintiff's claims for relief were barred because the deficiencies could not be cured by amendment. In addition, Defendants contend that the dismissal of Plaintiff's appeal in Petillo v. Bolan by the Ninth Circuit constitutes a fourth strike because the district court determined that the appeal was frivolous, even though the Ninth Circuit dismissed it for failure to prosecute.

### III.  DISCUSSION

As an initial matter, the court has carefully reviewed Plaintiff's original Complaint and finds that there is no "plausible allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." Andrews II, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). In the original Complaint, Plaintiff brought five unrelated claims: (1) In August or September 2016, the Property Officer threw Plaintiff's property away without proper notice and without allowing him appropriate options; (2) Sometime between July and September 2016, Sergeant Hernandez offered Plaintiff some books, which Plaintiff did not refuse, and Plaintiff's

---

[5] Petillo v. Kearnan et al., S.D. Cal. No. 1:19-cv-01950-MMA-JMA; and Petillo v. Castro, et al., S.D. Cal. No. 3:16-cv-02457-WQH-BLM.

other books and the books presented to him were thrown away; (3) In August 2016, C/O Wilson told Plaintiff that he was conducting a random cell search and took some of Plaintiff's outgoing mail, which was never delivered; (4) In August 2016, the Mail Room Staff tampered with Plaintiff's incoming and outgoing mail; and (5) In November 2017, Captain Galliger searched Plaintiff's and his cellmate's cell, causing the two inmates to fight, and C/O Fugate pepper sprayed them.

Nothing in Plaintiff's Complaint suggests he faced an "ongoing danger" of serious physical injury sufficient to "meet the imminent danger prong of the three-strikes exception" at the time he filed his Complaint. Andrews II, 493 F.3d at 1057. Therefore, Plaintiff may be barred from proceeding *in forma pauperis* in this action if he has on three or more prior occasions had civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim. See 28 U.S.C. § 1915(g).

The court shall address the dismissals of each of the four lawsuits/appeals previously filed by Plaintiff which Defendants characterize as "strikes" in their pending motion to revoke Plaintiff's *in forma pauperis* status.

**(1)     Petillo v. Bolan et al., No. 2:16-cv-02513-CJC-JPR (C.D. Cal.)**

In support of their pending motion, Defendants have submitted copies of the docket sheet for this case, (Request for Judicial Notice (RJN), ECF No. 31-2 at 6 (Exh. A)); the Magistrate Judge's report and recommendation issued on June 3, 2016, recommending dismissal of this case because all of Plaintiff's claims are barred by Heck, (id. at 9-17); the District Judge's order of January 15, 2017, accepting the findings and recommendations, (id. at 18-19); the Judgment, (id. at 20); and, the district court's certification that Plaintiff's appeal to the Ninth Circuit is not taken in good faith and is frivolous, (id. at 21).

A dismissal under Heck, 512 U.S. 477 (1994), may constitute a strike under § 1915(g) for failure to state a claim when Heck's bar to relief is obvious from the face of the complaint, [the case seeks only damages as opposed to injunctive relief], and the entirety of the complaint is dismissed for a qualifying reason under § 1915(g). Debose v. Wildman, No. 17-CV-03705-SI, 2018 WL 422343, at *3–4 (N.D. Cal. Jan. 16, 2018) (citing Washington v. Los Angeles Cnty.

Sheriff's Dep't, 833 F.3d 1048, 1055 (9th Cir. 2016)).   Only a complete dismissal of an action under Heck—rather than the dismissal of a particular claim within that action—can constitute a strike under § 1915(g).  Debose, 2018 WL 422343, at *3–4 (citing see Washington, 833 F.3d at 1057-58 (declining to impose strike with respect to action where plaintiff's Heck-barred damages claims were intertwined with his habeas challenge to the underlying sentence)).  The Washington court clarified its holding in that case by explaining that this standard would apply to count as a strike only where the entire action was dismissed for a qualifying reason under the PLRA. Washington, 833 F.3d at 1055, 1057 (citing Andrews II, 493 F.3d at 1054).

Here, Defendants submitted evidence that the entirety of the complaint was dismissed for a qualifying reason under § 1915(g). (Magistrate Judge's findings and recommendations to dismiss for failure to state a claim, ECF No. 31-2 at 10:8-10, adopted by District Judge, id. at 19:9-10.)  However, Defendants have not provided evidence that Plaintiff request was only for damages  as opposed to injunctive relief, or that Heck's bar to relief is obvious from the face of the complaint.  Therefore, the court finds that the dismissal of case Petillo v. Bolan et al., No. 2:16-cv-02513-CJC-JPR (C.D. Cal.) may possibly not be counted as a strike under § 1915(g).

### (2)  Petillo v. Bolan et al., No. 17-55193 (9th Cir.)

In support of their pending motion, Defendants have submitted copies of the Ninth Circuit's docket sheet from this case, (RJN, ECF No. 31-2 at 23-24 (Exh. B)); the Referral Notice referring the matter to the district court to determine if the appeal is frivolous or taken in bad faith, (id. at 25-26); the Ninth Circuit's order for Plaintiff to either file a motion to dismiss the appeal or file a statement explaining why the appeal is not frivolous and should go forward, id. at 27-40); and the Order dismissing the appeal for failure to prosecute, (id. at 41).

When the Ninth Circuit relies on the district court's certification that an appeal was not taken in good faith, the dismissed appeal "clearly count[s] as a strike" because "lack of 'good faith' in this context has been held to be equivalent to a finding of frivolity."  Knapp, 738 F.3d at 1110 (citing Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977)).

///

///

In this case the district court revoked Plaintiff's *in forma pauperis* status on the ground that the appeal was not taken in good faith. (ECF No. 31-2 at 24.) On April 17, 2017, the Ninth Circuit issued an order stating in part:

> "This court may dismiss a case at any time, if the court determines the case is frivolous. See 28 U.S.C. § 1915(e)(2). Within 35 days after the date of this order, appellant must: (1) file a motion to dismiss this appeal, see Fed. R. App. P. 42(b), or (2) file a statement explaining why the appeal is not frivolous and should go forward. If appellant files a statement that the appeal should go forward, appellant also must: (1) file in this court a motion to proceed in forma pauperis, OR (2) pay to the district court $505.00 for the filing and docketing fees for this appeal AND file in this court proof that the $505.00 was paid. If appellant does not respond to this order, the Clerk will dismiss this appeal for failure to prosecute, without further notice. See 9th Cir. R. 42-1. If appellant files a motion to dismiss the appeal, the Clerk will dismiss this appeal, pursuant to Federal Rule of Appellate Procedure 42(b). If appellant submits any response to this order other than a motion to dismiss the appeal, the court may dismiss this appeal as frivolous, without further notice. If the court dismisses the appeal as frivolous, this appeal may be counted as a strike under 28 U.S.C. § 1915(g)."

(ECF No. 31-2 at 24.) On June 17, 2017, the Ninth Circuit dismissed the appeal for Plaintiff's "failure to respond to [the] order." (ECF No. 31-2 at 41.)

Defendants argue that the dismissal of the appeal is a strike because the Ninth Circuit found that Plaintiff's appeal was frivolous and revoked his *in forma pauperis* status. If this were the case and Plaintiff failed to pay the filing fee, then dismissal of the case is arguably a "strike." See Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015) (finding that appellate court's denial of prisoner's request for IFP status on appeal on grounds of frivolousness constituted a "strike" under § 1915(g) "even though [it] did not dismiss the appeal until later when the [appellant] did not pay the filing fee."). However, this is not what happened here. Here, the Ninth Circuit did not find the appeal frivolous, but rather gave Plaintiff options and informed him of the

consequences of his actions or inaction.  Plaintiff was advised that if he submitted any response to the order other than a motion to dismiss the appeal, "the court may dismiss this appeal as frivolous, without further notice [, and] if the court dismisses the appeal as frivolous, [it] may be counted as a strike under 28 U.S.C. § 1915(g)."  (RJN, ECF No. 31-2 at 28.)  However, Plaintiff was also advised that if he "does not respond to this order, the Clerk will dismiss this appeal for failure to prosecute, without further notice."  (Id.)  Here, Plaintiff failed to respond to the order and his appeal was dismissed on the terms expressed in the Ninth Circuit's order -- without further notice "for failure to prosecute."  (Id. at 41.)  It is clear from a plain reading of the Ninth Circuit's order that because Plaintiff failed to respond to the order his appeal was dismissed for failure to prosecute, not as frivolous.  (Id.)

Therefore, the court finds that the dismissal of this appeal may not be counted as a strike.

**(3)**     **Petillo v. Kearnan et al., No. 3:16-cv-01950-MMA-JMA (S.D. Cal.).**

In support of their pending motion, Defendants have submitted copies of the docket sheet for this case, (RJN, ECF No. 31-2 at 43-49 (Exh. C)), the assigned District Judge's order dismissing the complaint for failure to state a claim, with leave to amend, (id. at 50-65); the assigned District Judge's order dismissing the first amended complaint for failure to state a claim, with leave to amend, (id. at 66-75), the assigned District Judge's order dismissing the second amended complaint for failure to state a claim, denying leave to amend as futile (id. at 76-83); and the Judgment (id. at 84-85).

Here, Defendants submitted evidence that the second amended complaint was dismissed for a qualifying reason under § 1915(g).  (Id. at 83:9-12.) ("Good cause appearing, the court DISMISSES Plaintiff's Second Amended Complaint for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and DENIES leave to amend as futile.")  Therefore, the court finds that the dismissal of case Petillo v. Kearnan et al., No. 3:16-cv-01950-MMA-JMA (S.D. Cal.) may be counted as a strike under § 1915(g).

///

///

**(4)** <u>Petillo v. Castro, et al.</u>, No. 3:16-cv-02457-WQH-BLM (S.D. Cal.).

In support of their pending motion, Defendants have submitted copies of the docket for this case, (RJN, ECF No. 31-2 at 87-90 (Exh. D)), the assigned District Judge's order dismissing the complaint for failure to state a claim with leave to amend, (<u>id.</u> at 91-101); the assigned District Judge's order dismissing the first amended complaint for failure to state a claim and denying leave to amend as futile, (<u>id.</u> at 102-114); and the Judgment, (<u>id.</u> at 115).

Defendants have submitted evidence that this case was dismissed as barred by the statute of limitations, without leave to amend. Dismissal for this reason effectively constitutes dismissal for failure to state a claim. <u>See</u> <u>Belanus v. Clark</u>, 796 F.3d 1021, 1027-29 (9th Cir. 2015) (finding court's dismissal without leave to amend for inability to overcome statute of limitations bar as well as its finding that said dismissal constituted a strike was proper). Because the style of the dismissal and/or its procedural posture is immaterial, the dismissal is also a strike under § 1915(g). <u>See</u> <u>El-Shaddai v. Zamora</u>, 833 F.3d 1036, 1042 (9th Cir. 2016) (stating central question when considering strike status is whether dismissal "rang the PLRA bells of frivolous, malicious, or failure to state a claim").

Accordingly, the court finds that the dismissal of this case may count as a strike.

## III. RECOMMENDATIONS AND CONCLUSION

In light of the foregoing analysis, the court finds that under 28 U.S.C. § 1915(g), Defendants have not presented sufficient evidence to date that Plaintiff brought a civil action or appealed a judgment in a civil action under § 1915, on three or more occasions, while incarcerated or detained in any facility, that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Therefore, Defendants' motion to revoke Plaintiff's *in forma pauperis* status should be denied.

Therefore, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' motion to revoke Plaintiff's *in forma pauperis* status, filed on December 23, 2019, be DENIED; and
2. Plaintiff be allowed to proceed *in forma pauperis* with this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** of the date of service of these Findings and Recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **ten (10) days** after the objections are filed. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 8, 2020**                    **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE