UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH J. PETILLO,<br><br>    Plaintiff,<br><br>    v.<br><br>GALLAGHER, *et al.*,<br><br>    Defendants. | No. 1:18-cv-00217-NONE-GSA (PC)<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS<br><br>(Doc. Nos. 31, 41) |

Plaintiff Isaiah J. Petillo, proceeding *pro se,* brought this 42 U.S.C. § 1983 action against prison officials at the Calipatria State Prison for violating his Eighth Amendment rights. (Doc. Nos. 1; 18 at 4–5.) On March 27, 2018, the court granted plaintiff's motion to proceed *in forma pauperis*. (Doc. Nos. 6, 8.) Approximately twenty-one months later, defendants moved to revoke plaintiff's IFP status, arguing that four of plaintiff's prior actions were dismissed as "frivolous" or "malicious" as defined by 28 U.S.C. § 1915(g). (Doc. No. 31.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

"Under the Prison Litigation Reform Act, a prisoner may not proceed *in forma pauperis* after having three prior actions dismissed for certain enumerated reasons (these are called 'strikes')," unless he is "under imminent danger of serious physical injury." *Knapp v. Hogan*, 738 F.3d 1106, 1108 (9th Cir. 2013) (citing 28 U.S.C. § 1915(g)). On July 8, 2020, the assigned magistrate judge found that plaintiff was *not* under imminent danger when he filed his complaint

in this action, and proceeded to consider whether the dismissals in the four previous actions brought by plaintiff—*Petillo v. Bolan et al.*, No. 2:16-cv-02513-CJC-JPR (C.D. Cal.) ("*Bolan I*"), *Petillo v. Bolan et al.*, No. 17-55193 (9th Cir.) ("*Bolan II*"), *Petillo v. Kearnan et al.*, No. 1:19-cv-01950-MMA-JMA (S.D. Cal.), and *Petillo v. Castro, et al.*, No. 3:16-cv-02457-WQH-BLM (S.D. Cal.), (Doc. No. 31-2, Exs. A–D)—were appropriately counted as "strikes" for purposes of § 1915(g). (Doc. No. 41 at 8–13.) Finding only that the dismissal orders in *Kearnan* and *Castro* were properly counted as strikes, the magistrate judge recommended that defendants' motion to revoke plaintiff's IFP status be denied. (*Id.*) Defendants filed objections on July 22, 2020, arguing that the dismissals in *Bolan I* and *Bolan II* should be counted as strikes. (Doc. No. 42 at 1–3.) Defendants' argument as to the dismissal in *Bolan I* is well-taken.

With respect to *Bolan I*, the magistrate judge reasoned that defendants had failed to come forward with evidence establishing that the case was dismissed pursuant to the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), and that therefore the dismissal "*may* possibly not be counted as a strike under § 1915(g)." (Doc. No. 41 at 10) (emphasis added). In *Heck*, a state prisoner plaintiff brought a § 1983 suit for damages by challenging the constitutionality of his conviction, even though the plaintiff's conviction had not been reversed, invalidated or otherwise set aside. *Heck*, 512 U.S. at 478–79. Because the plaintiff's conviction remained valid, the district court dismissed the plaintiff's § 1983 suit for damages, and the Seventh Circuit affirmed. *Id.* at 479–80. In affirming, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff *must* prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, *or* called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486–87 (emphasis added).

The Ninth Circuit has held that:

> A *Heck* dismissal is not categorically frivolous—that is, having "no basis in law or fact," [Andrews v. ]*King*, 398 F.3d [1113,] at 1121 [(9th Cir. 2005)] (internal quotation marks and citation omitted)—

> because plaintiffs may have meritorious claims that do not accrue until the underlying criminal proceedings have been successfully challenged. *See Heck*, 512 U.S. at 489–90, 114 S. Ct. 2364. For this reason, a *Heck* dismissal is made without prejudice, such that a prisoner may refile the complaint once his conviction has been overturned. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (*per curiam*). Similarly, a *Heck* dismissal cannot be characterized as malicious, unless the court specifically finds that the complaint was "filed with the intention or desire to harm another." *King*, 398 F.3d at 1121 (internal quotation marks and citation omitted).

*Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1055 (9th Cir. 2016). The Ninth Circuit in *Washington* recognized that "[w]hen we are presented with multiple claims within a single action, we assess a PLRA strike only when the 'case as a whole' is dismissed for a qualifying reason under the Act" (*Washington,* 833 F.3d at 1057 (quoting *Andrews v. Cervantes*, 493 F.3d 1047, 1054 (9th Cir. 2007)) and that where, as in that case, a plaintiff sought both money damages and relief from his criminal conviction the dismissal of such a "mixed claim does not count as a strike under the PLRA. *Id*.; *see also Burton v. Lee*, 732 Fed. Appx. 567, 570 (9th Cir. May 2, 2018)[1]  However, the Ninth Circuit made clear in *Washington* that a dismissal of an action pursuant to *Heck* "may constitute a PLRA strike for failure to state a claim when *Heck*'s bar to relief is obvious from the face of the complaint, and the entirety of the complaint is dismissed for a qualifying reason under the PLRA," such as a "Rule 12(b)(6) dismissal[] for failure to state a claim." 833 F.3d at 1055–56. In so concluding, the Ninth Circuit distinguished "a civil suit seeking *purely* money damages related to an allegedly unlawful conviction" and one in which "a prisoner seeks injunctive relief challenging his sentence or conviction—and further seeks monetary relief for damages attributable to the same sentence or conviction." *Id.* at 1057. The court in *Washington* concluded that where the first type of suit, in which *purely* money damages are sought, is dismissed pursuant to an obvious *Heck* bar it may be counted as a strike for purposes of § 1915(g), but where the second type of suit, seeking damages *and* injunctive relief with respect to a criminal conviction sounding in habeas, "is not subject to the PLRA's regime" and may not be counted as a strike dismissal. *Id.*

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

Applying the decisions in *Heck* and *Washington* here, the pending findings and recommendations concluded that in *Bolan I* "the entirety of the complaint was dismissed for a qualifying reason under § 1915(g)," but that defendants had failed to show that plaintiff in Bolan I had sought *purely* "damages as opposed to injunctive relief." (Doc. No. 41 at 10.) Accordingly, the magistrate judge found that defendants failed to establish that the dismissal in *Bolan I* constituted a strike dismissal. (*Id.*) In their objections to the pending findings and recommendations, defendants have submitted a copy of plaintiff's complaint in *Bolan I* showing that plaintiff in that case sought *purely* damages and did not seek injunctive relief. (*See* Doc. No. 42-1 at 27) (in terms of "relief" plaintiff seeking "$100 million dollars" and "is requesting the court for the def's [sic] to pay me $100 million $ [sic] held accountable for their actions. The Police Dept shall be held liable too. I need to be compensated for my pain & suffering, due process civil rights [sic]. Seeking punitive damages."). The court has reviewed plaintiff's complaint filed in *Bolan I* and agrees with defendants' characterization of the purely money damages relief it sought. Pursuant to the decisions in *Heck* and *Washington*, the court finds that defendants have now met their burden of establishing that the dismissal order in *Bolan I* is properly counted as a strike. Combined with the other two strike dismissals suffered by plaintiff in *Kearnan* and *Castro*, plaintiff has reached the three-strikes limit under § 1915(g), thereby disqualifying him from maintaining his IFP status since he has failed to claim or establish that he qualifies to proceed IFP because he was in imminent danger at the time he filed his complaint.

Accordingly,

1. The court DECLINES to adopt the findings and recommendations issued on July 8, 2020 (Doc. No. 41)[2];

---

[2] Although the undersigned has concluded that the findings and recommendations should not be adopted because the dismissal order in Bolan I does count as a strike based upon the showing made by defendants in their objections, the magistrate judge is to be commended for ensuring that the defendants satisfied their burden of establishing the existence of three, strike qualifying dismissals which they failed to do in their initial motion to revoke plaintiff's IFP status. As the Ninth Circuit has cautioned, courts are to "strictly and narrowly" construe the language of § 1915(g) in the interest of justice. *Harris v. Harris*, 935 F.3d 670, 675 (9th Cir. 2019); *see also Ray v. Hosey*, No. 1:20-cv-01076-DAD-GSA, 2021 WL 568159, at *3 (E.D. Cal. Feb. 16, 2021).

2. Defendants' motion to revoke plaintiff's IFP status (Doc. No. 31) is GRANTED;

3. The March 27, 2018 order granting plaintiff's motion to proceed IFP (Doc. No. 8) is VACATED;

4. Plaintiff is ORDERED to pay the $400.00 filing fee in full within thirty (30) days following the date of service of this order, if he wants to proceed with this action;

5. Plaintiff is forewarned that failure to pay the filing fee within the specified time will result in the dismissal of this action;

6. The Clerk of the Court is directed to serve a copy of this order on the California Department of Corrections and Rehabilitation and the Financial Department of the U.S. District Court for the Eastern District of California; and

7. This matter is referred back to the assigned Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   **March 26, 2021**                                  /s/ Dale A. Drozd
                                                             UNITED STATES DISTRICT JUDGE