UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH J. PETILLO,<br><br>           Plaintiff,<br><br>      vs.<br><br>GALLIGER, et al.,<br><br>           Defendants. | **1:18-cv-00217-NONE-GSA-PC**<br><br>**ORDER DENYING MOTION TO CONDUCT DEPOSITIONS BY WRITTEN QUESTIONS (ECF No. 60.)** |

**I.    BACKGROUND**

Isaiah J. Petillo ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint, filed on November 19, 2018, on Plaintiff's Eighth Amendment excessive force claim against defendant Fugate; Eighth Amendment claims against defendants Gallagher and Fugate for failing to protect Plaintiff; and First Amendment retaliation claim against defendant Gallagher. (ECF No. 18.) On August 11, 2021, the court issued a Discovery and Scheduling Order setting out deadlines for the parties including a discovery deadline of January 11, 2022, and a dispositive motions deadline of March 11, 2022. (ECF No. 53.) This case is now in the discovery phase.

On December 6, 2021, Plaintiff filed a motion to conduct depositions by written questions. (ECF No. 60.)

## II. DEPOSITIONS BY WRITTEN QUESTIONS

Plaintiff seeks to take depositions by written questions, which must be taken pursuant to the procedures set forth under Federal Rule of Civil Procedure 31. The deposition upon written questions basically would work as follows: The prisoner would send out a notice of deposition that identifies (a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur. The defendant would have time to send to the prisoner written cross-examination questions for the witness, the prisoner would then have time to send to defendant written re-direct questions for the witness, and the defendant would have time to send to the prisoner written re-cross-examination questions for the witness[.] Dalke v. Clark, 1:20-cv-00534-AWI-SAB (PC), 2021 WL 4192036 (E.D. Cal. 2021) (citing Harrell v. Jail, 2015 WL 8539037, *1–2 (E.D. Cal. Dec. 11, 2015) (quoting Brady v. Fishback, 2008 WL 1925242, at *1–2 (E.D. Cal. Apr. 30, 2008)). Plaintiff's *in forma pauperis* status does not entitle him to a waiver of any of the costs associated with this form of deposition; instead, he must pay the necessary deposition officer fee, court reporter fee, and costs for a transcript. Id. (citations omitted). Courts have found that a failure to make these showings defeats a motion to take depositions. Id. (citing see Harrell, 2015 WL 8539037, at *2; Jackson v. Woodford, 2007 WL 2580566, at *1 (S.D. Cal. Aug. 17, 2007)).

Federal Rule of Civil Procedure 31(a)(2)(A)(i) requires a party to obtain leave of court to take more than ten depositions by written question. In addition, Plaintiff must identify the officer taking the depositions and the date and time for the depositions. Plaintiff must also show that he can pay the costs associated with written depositions, including fees for a deposition officer and court reporter, the costs of transcribing the deposition, and witness fees and mileage under Rule 45(b)(1). As discussed above, Plaintiff's indigent status does not entitle him to a waiver of fees. Accordingly, for the reasons discussed above, Plaintiff has failed to make the required showing to conduct depositions by written questions and his motion shall be denied.

///

If Plaintiff wishes to conduct oral or written depositions he must review Rules 28, 30, 31, and 45 of the Federal Rules of Civil Procedure and if, after reviewing the rules, he believes he is able to conduct depositions in compliance with the rules, Plaintiff shall notify the Court and make a showing that he is able and willing to retain an officer to take responses and prepare the record.

### III.     CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to conduct depositions by written questions, filed on December 6, 2021, is DENIED.

IT IS SO ORDERED.

    Dated:   **December 10, 2021**                               **/s/ Gary S. Austin**
                                                                             UNITED STATES MAGISTRATE JUDGE