**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISAIAH J. PETILLO, | Case No. 1:18-cv-00217-JLT-GSA-PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| GALLIGER, et al., | |
| Defendant. | (Doc. 57; Doc. 79) |

The assigned Magistrate Judge issued findings and recommendations that Defendants' motion for summary judgment, filed on November 10, 2021, be granted and this case be dismissed, without prejudice, for Petillo's failure to exhaust administrative remedies before filing suit. (Doc. 79.) Petillo filed objections to the findings and recommendations. (Doc. 83.)

According to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Petillo's objections, the Court finds the findings and recommendations to be supported by the record and proper analysis. For example, Petillo argues his failure to exhaust administrative remedies should be excused because courts in other circuits have found an exception to the exhaustion requirement where the prison officials did not strictly follow their own policies or where instructions for administrative proceedings are unclear. (Doc. 83 at 15-16 (citing *e.g.*, *Collins v. Goord*, 438 F. Supp. 2d 399, 411, n.13 (S.D.N.Y. 2006); *Brownell v. Kron*, 446 F.3d 305, 311 (2d Cir. 2006)).)

The Ninth Circuit, however, follows Supreme Court precedent and allows for three exceptions the exhaustion requirement. *See e.g.*, *Ross v. Blake*, 578 U.S. 632, 643-44 (2016); *see also Blackwell v. Cal. Dep't of Corr. & Rehab.*, 2019 WL 8163803, at *4 (C.D. Cal. Dec. 18, 2019). These three exceptions include (1) when an exhaustion procedure is "unavailable," such that it operates as a "dead end" because, for example, the administrative office or officials disclaim authority to consider the prisoner's grievance; (2) when exhaustion procedures are so confusing that no reasonable prisoner "can make sense of what it demands"; (3) when prison officials undermine exhaustion procedures by use of machination, misrepresentation, or intimidations. *Ross*, 578 U.S. at 643-44. None of these exceptions apply to Petillo's case. Though Defendants repeatedly delayed issuing a final decision in Petillo's appeal, Defendants sent timely notices to Petillo explaining the delay and estimating a decision date. (Doc. 83 at 28-41.) Even if Defendants' treatment of Petillo's appeal did not comply with strict adherence to the administrative procedures, they did not wholly fail to respond to Petillo's grievance complaints such that it thwarted the process or made such remedies unavailable. *See Contreraz v. Stockbridge*, 2011 WL 2620367, at *2 (E.D. Cal. June 29, 2011) (finding administrative remedies effectively "unavailable" where plaintiff made multiple attempts to file an appeal but received *no* response from defendants).

In addition, Petillo's concerns that the statute of limitations for a § 1983 required him to initiate his suit before resolution of the prison's administrative findings due to delay are unfounded. In the Ninth Circuit, equitable tolling allows prisoners to exhaust their administrative remedies without running the clock on the § 1983 claims' statute of limitations. *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) ("[W]e agree with the uniform holdings of the circuits that have considered the question that the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."). Therefore, waiting for Defendants to reach a final decision on Petillo's appeal would not have prevented him from initiating suit under § 1983. Thus, the Court **ORDERS**,

    1.    The findings and recommendations issued by the Magistrate Judge on May 9, 2022 (Doc. 79), are **ADOPTED IN FULL**.

2. Defendants' motion for summary judgment, filed on November 10, 2021, (Doc. 57) is **GRANTED** and this action is **DISMISSED** without prejudice, for Petillo's failure to exhaust administrative remedies before filing suit.

3. The Clerk is directed to **CLOSE** this case.

IT IS SO ORDERED.

Dated:   **July 19, 2022**

_____
UNITED STATES DISTRICT JUDGE